# EXHIBIT A

## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __19-2588C__

__James Dickey__, PLAINTIFF(S),

V.

__U.S. Trust Bank NA__, DEFENDANT(S)
as Trustee for LSF9 Master Participation Trust

## SUMMONS

THIS SUMMONS IS DIRECTED TO __U.S. Trust Bank NA__ . (Defendant's name)
as trustee for LSF9 Master Participation Trust

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Middlesex Superior__ Court, __200 Trade Center, 2nd Floor, Woburn MA 01801__ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __James Dickey 8 Newbridge Road, Sudbury MA 01776__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _November 21_, 20_19_.

_[signature]_

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20____        Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20____

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1981CV02588 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Dickey, James vs. U.S. Trust Bank, NA, as Trustee for LSF9 Master Participation Trust et al | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: James Dickey 8 New Bridge Road Sudbury, MA 01776 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                   **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/03/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 01/02/2020 | |
| All motions under MRCP 12, 19, and 20 | 01/02/2020 | 02/03/2020 | 03/02/2020 |
| All motions under MRCP 15 | 01/02/2020 | 02/03/2020 | 03/02/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/30/2020 | | |
| All motions under MRCP 56 | 07/30/2020 | 08/31/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/28/2020 |
| Case shall be resolved and judgment shall issue by | | | 09/03/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 09/04/2019 | Arthur T DeGuglielmo | (781)939-2757 |

Date/Time Printed: 09-04-2019 09:33:13                                          SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                              SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO. 19-2588

JAMES DICKEY,
        Plaintiff,

v.

U.S. TRUST BANK, NA, as Trustee for LSF9
MASTER PARTICIPATION TRUST,
        Defendant,

Andrew Schena,
        Defendant,

497 E FOURTH ST LLC,
        Defendant,

Commonwealth Cooperative Bank,
        Defendant,

David O'Donnell,
        Defendant,

Patricia Gillespie,
        Defendant.

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
SEP 04 2019
CLERK

**VERIFIED COMPLAINT**

The plaintiff, James Dickey, by this action claims that the defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") violated the usury statute, constitute unfair business practices and seek to determine the validity or extent of the mortgage interests that were held by U.S. Bank on the real estate property owned by the

defendant James Dickey located at 497 East Fourth Street, South Boston, Massachusetts ("the Property"), and further files this action to challenge a foreclosure sale/foreclosure by entry of the Property conducted by U.S. Bank.

## The Parties

1.  Plaintiff James Dickey, is a resident of Sudbury, Massachusetts, who acquired rights to the Property by a deed executed by East Fourth Street LLC.

2.  Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is believed to be a national association with a usual place of business at 13801 Wireless Way, Oklahoma City, OK 73134.

3.  Defendant Andrew Schena, is believed to reside in Blackstone, Massachusetts.

4.  Defendant 497 E FOURTH ST LLC is believed to be a Massachusetts limited liability company with a usual place of business at 611 E. Broadway, South Boston, MA 02127.

5.  Defendant Commonwealth Cooperative Bank is believed to be a Massachusetts bank with a usual place of business at 1172 River Street, Hyde Park, MA 02136.

6.  Defendant David O'Donnell is believed to reside in San Francisco, California.

7.  Defendant Patricia Gillespie is believed to reside in San Francisco, California.

**Factual Background**

8.	In 2012, the Property was placed into receivership, pursuant to M.G.L chapter 111, section 127I (the "Receivership Statute"), by the Boston Housing Court, (for the purpose of changing ownership of the property).

9.	On April 1, 2016, the Plaintiff filed an injunction in the Federal District Court (Dickey v. City of Boston, 16-cv-10636-LTS), asking that the foreclosure of the Property be postponed due to the questionable nature of the pending foreclosure. The Federal Court declined to issue an injunction and further refused to consider any part of the case presented, (the case questioned whether the Receivership Statute allows the Boston Housing Court to seize real property).

10.	On May 4, 2016, U.S. Bank conducted a foreclosure sale of the Property, alleging that the Plaintiff owed more than $400,000.00 on the foreclosed mortgage. Defendant Andrew Schena was the highest bidder at the auction for the Property.

11.	On or about May 16, 2016, U.S. Bank filed a motion with the Boston Housing Court, asking that the Housing Court order U.S. Bank to turn over the anticipated excess of the foreclosure sale to the Boston Housing Court. At that time U.S. Bank was not a party to the ongoing receivership case. The Boston Housing Court ordered the funds from the foreclosure sale be deposited into an interpleader court action in the Superior Court, which was removed to the Federal District Court and subsequently dismissed by the Federal Court as being inappropriate.

12.	On May 16, 2016, Andrew Schena assigned his bid, (obtained at the foreclosure sales of the Property under a memorandum of sale), to 497 E 4th Street LLC;

the assignment was subsequently recorded at the Suffolk County Registry of Deeds (the "Registry") on September 7, 2016.

13. On September 7, 2016, a foreclosure deed was recorded at the Registry, conveying the Property to 497 E 4th Street LLC. (A Certificate of Organization for 497 E 4th Street LLC was subsequently filed with the Secretary of State on April 11, 2019). A Certificate of Entry was also recorded at the Registry on September 7, 2016, indicating that U.S. Bank entered on to the Property.

14. On September 7, 2016, defendant 497 E FOURTH ST LLC executed a mortgage on the Property in favor of defendant Commonwealth Cooperative Bank, (which was subsequently released on or about May 16, 2019).

15. On September 29, 2016, the court appointed receiver for the Property filed a motion to discharge the receiver; the Boston Housing Court dismissed the receivership action on November 4, 2016.

16. Sometime prior to the filing of the instant case, U.S. Bank disbursed approximately $38,000.00 from the foreclosure proceeds to the Boston Housing Court's receiver to satisfy the receiver's anticipated lien, (the court appointed receiver has yet to file a lien with the Suffolk County Registry of Deeds, furthermore, upon information and belief, at the foreclosure sale the auctioneer indicated that the Property was being sold subject to the receiver's lien).

17. On April 11, 2019, 497 E FOURTH ST LLC executed a deed in favor of defendants David O'Donnell and Patricia Gillespie for the Property. This deed indicates that the limited liability company known as 497 E FOURTH ST LLC is also known as 497 E. 4th Street LLC.

### Count I
(Violation of Mass. Gen. L. ch. 271, § 49)
(as to Defendant U.S. Bank)

18. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 17 inclusive of this Verified Complaint ("Complaint") as if fully set forth herein. As described more fully above, the apparent interest charged to the Plaintiff by U.S. Bank exceeded the maximum rate permitted under Mass. Gen. L. ch. 271, § 49, as the balance of the mortgage was alleged to be in excess of $200,000.00 of the original mortgage amount.

### Count II

(Fraud and Deceit)
(as to Defendants U.S. Bank, Andrew Schena
and 497 E FOURTH STREET LLC)

19. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 inclusive of this Complaint as if fully set forth herein.

20. As set forth in more detail above, U.S. Bank recorded the foreclosure deed beyond the amount of time allowed by the foreclosure sale. Furthermore, the highest bidder was an associate of the Boston Housing Court's receiver; the foreclosure conducted by U.S. Bank was a sham, constituting fraud and deceit by U.S, Bank, Andrew Schena and 497 E FOURTH ST LLC. U.S. Bank subsequently paid the receiver $38,000.00 without authority to do so.

21. As a direct result of the Defendants' fraud and deceit, the Plaintiff suffered substantial financial damages including the potential loss of the Property due to the May 4, 2016 foreclosure auction.

## Count III
(Breach of Implied Covenant of Good Faith and Fair Dealing)
(as to Defendant U.S. Bank)

22. Plaintiff repeats, re-alleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 21 inclusive of this Complaint as if fully set forth herein.

23. Implied in every contract is a covenant of good faith and fair dealing. This covenant imposes on the parties to the agreement the mutual obligation to take all steps reasonably necessary to effectuate the objectives of the agreement and to refrain from acting in any manner which damages or destroys the objectives of the agreement.

24. U.S. Bank had a duty to refrain from taking any action that would diminish or destroy the value of the mortgage with Plaintiff, or otherwise fail to fulfill their obligations and take all reasonable steps necessary to do so.

25. By U.S. Bank's actions and inactions, as described more fully above, (and by conducting the foreclosure sale while the Property was the subject of a receivership), U.S. Bank destroyed the benefits of the bargain to which Plaintiff was entitled causing Plaintiff to suffer substantial harm and damage.

## Count IV
(Wrongful Foreclosure against Defendants U.S. Bank,
Andrew Schena, and 497 E FOURTH STREET LLC)

26. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 25 inclusive of this Complaint as if fully set forth herein.

27. On September 7, 2016, the foreclosure deed was recorded; at the time of the execution and recording of the deed, both U.S. Bank and Andrew Schena had no authority

to execute or record the deed as Andrew Schena failed to comply with the provisions of the foreclosure sale by completing the sale within the 30 days. Furthermore, the foreclosure deed transferred the Property to a non-existent limited liability company, (a Certificate of Organization for 497 E. 4th Street LLC was subsequently filed on April 11, 2019, more than a year after the foreclosure deed was recorded). Defendant 497 E FOURTH ST LLC subsequently executed a mortgage in favor of Commonwealth Cooperative Bank on the Property, but had no authority to do so.

28. An actual controversy has arisen because U.S. Bank has recorded a foreclosure deed and taken possession of the Property without the authority to do so, (the Plaintiff alleges that the foreclosure deed is without merit and should be void as a direct result of U.S. Bank's unfair or deceptive acts or practices, and as the foreclosure deed transfers the Property to a non-existent entity), the Plaintiff has suffered substantial damages.

### Count V

(Declaratory Relief, G.L. c. 231A)
(as to all Defendants)

29. Plaintiff repeats and re-alleges paragraphs 1 thru 28 as if fully set for herein.

30. The Plaintiff is seeking a declaration of this Court, pursuant to the Massachusetts G.L. c. 231A, to determine the validity of the above mentioned foreclosure sale and corresponding deed, and the validity of the entry to foreclose the mortgage, and further asks that this Court declare the Foreclosure Deed and the Certificate of Entry are void, and further declare that subsequent deeds and mortgages executed by U.S. Bank's successors as being invalid and void.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff James Dickey prays that this Court:

a. Enter a judgment in its favor on all Counts of this Complaint;

b. Award plaintiff James Dickey all damages it proves at trial to have suffered as a result of the conduct of defendants U.S. Bank, Andrew Schena and 497 E FOURTH ST LLC;

c. Declare the above mentioned Foreclosure Deed and Certificate of Entry as being invalid and void, and further declare subsequent deeds and mortgages executed by U.S. Bank's successors as being invalid and void.

d. Award plaintiff James Dickey such other and further relief that justice so requires.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
by Pro Se Plaintiff:

September 4, 2019

James Dickey
8 NewBridge Road
Sudbury, MA  01776
978.443.2504
jim.south.boston@hotmail.com

### PLAINTIFF JAMES DICKEY'S VERIFICATION OF COMPLAINT

I, James Dickey, do hereby depose under the pains and penalties of perjury that I have read the foregoing complaint and attest and that I believe that, to the best of my knowledge, the complaint is true and accurate.

James Dickey

8