**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JAMES DICKEY,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, ANDREW SCHENA, 497 E. 4TH STREET LLC, COMMONWEALTH COOPERATIVE BANK, DAVID O'DONNELL, PATRICIA GILLESPIE,<br><br>        Defendants. | Case No. 19-12504 |

**MEMORANDUM IN SUPPORT OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

I.    INTRODUCTION

Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") moves to dismiss the complaint (the "Complaint") filed by Plaintiff James J. Dickey ("Plaintiff"). The Complaint should be dismissed because it is barred by res judicata and fails to state any claim pursuant to which relief plausibly could be granted.

II.    FACTS

The purported claims in the Complaint appear to relate to a receivership action and the foreclosure of interests on real property commonly known as 497 East Fourth Street, Boston, Massachusetts (the "Property"), which Plaintiff owned prior to the foreclosure sale. Plaintiff asserts that U.S. Bank conducted a foreclosure sale of the Property on May 4, 2016, "alleging that Plaintiff owed more than $400,000 on the foreclosed mortgage," and that defendant Andrew

1

Schena ("Mr. Schena") was the highest bidder. Compl. ¶ 10. A foreclosure deed (the "Foreclosure Deed") that evidenced the conveyance of the Property to Mr. Schena and certificate of entry (the "Certificate of Entry") were recorded with the Registry of Deeds on September 7, 2016. *Id.* ¶ 13. Plaintiff also alleges that the Property was "placed into" receivership in 2012 and, in connection with the receivership, U.S. Bank sought an order permitting it to "turn over the anticipated excess of the foreclosure sale to the Boston Housing Court." *Id.* ¶¶ 8, 11. According to Plaintiff, U.S. Bank "disbursed about $38,000.00 from the foreclosure proceeds" to the receiver. *Id.* ¶ 11.

Plaintiff attempts to set forth five claims against U.S. Bank. In the First Count, Plaintiff alleges that U.S. Bank violated Mass. Gen. Laws c. 271, § 49, the criminal usury statute, claiming that the "apparent interest rate charged to Plaintiff by U.S. Bank exceeded the maximum rate permitted under Mass. Gen. L. ch. 271, § 49, as the balance of the mortgage was alleged to be in excess of $200,000 of the original mortgage amount." Compl. ¶ 18. In the Second Count, Plaintiff purports to bring a claim for fraud and deceit on the grounds that the foreclosure sale was a "sham." *Id.* ¶ 20. In the Third Count, Plaintiff alleges that U.S. Bank breached the implied covenant of good faith and fair dealing by "destroy[ing] the benefits of the bargain to which Plaintiff was entitled." *Id.* ¶ 25. In the Fourth Count, Plaintiff attempts to bring a claim for wrongful foreclosure, alleging that U.S. Bank and Mr. Schena "had no authority to execute or record the [foreclosure] deed" and that the foreclosure deed is now void. *Id.* ¶¶ 27-28. Finally, in the Fifth Count, Plaintiff seeks a declaration that the Foreclosure Deed and Certificate of Entry are void and, further, that subsequent deeds and mortgages by U.S. Bank's successors are invalid and void. *Id.* ¶ 30.[1]

---

[1] On December 19, 2016, as a result of the repeated filings by Plaintiff of suits like the current one, this Court warned Plaintiff that "'any future complaints filed in the District of Massachusetts by [Mr. Dickey] shall state – in

The propriety of the foreclosure sale of the Property was considered in the Boston Housing Court[2] matter of *City of Boston, Inspectional Services Department v. James Dickey*, assigned docket number 12-cv-00376 (the "Prior Action").  In the Prior Action, on October 8, 2015, as a party-in-interest, U.S. Bank filed a Motion for Leave to Foreclose.  The Motion for Leave to Foreclose is attached hereto as **Exhibit A**.[3]  Plaintiff had the opportunity to respond and, after oral argument on October 23, 2015, the Court allowed U.S. Bank's Motion for Leave to Foreclose, with the assent of the receiver and the City.  The Court's Order on Plaintiff's Motion for Leave to Foreclose is attached hereto as **Exhibit B** (Court Docket).  Thereafter, pursuant to the Court's Order, U.S. Bank conducted a foreclosure sale of the Property on May 4, 2016.  On May 16, 2016, U.S. Bank filed a Motion to Approve Sale, attached hereto as **Exhibit C**.  Plaintiff had the opportunity to respond and, after oral argument on May 27, 2016, the Court granted U.S. Bank's Motion to Approve Sale in open Court.  *See* Order attached hereto as **Exhibit D**, n.1.

III.   STANDARD – MOTION TO DISMISS

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Jones v. Experian Info. Sols., Inc.*, 141 F. Supp. 3d 159, 161 (D. Mass. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Dismissal for failure to state a claim is appropriate when the

---

the same font, size, and format as the text of the complaint – the following: 'Previously, one session of this Court warned Plaintiff against filing frivolous or vexatious suits.'  See Dickey v. City of Boston, 16-cv-10636-LTS."

[2] Boston Housing Court has since been renamed as Eastern Housing Court.

[3] When ruling on a Rule 12 motion, the Court can consider certain extrinsic information without converting a motion to dismiss into a motion for summary judgment.  *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013).  This information includes registry documents, court dockets, pleadings, and orders or decisions from related litigation matters.  *See Spencer v. Dookhan*, No. 1:16-CV-12076, 2017 WL 2785423, at *1 n.2 (D. Mass. June 27, 2017); *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188, 2016 WL 9022444, at *4 (D. Mass. Sept. 2, 2016) (holding prior court orders and rulings "may be considered and are susceptible to judicial notice."), *appeal dismissed*, No. 17-1566, 2017 WL 6003335 (1st Cir. Oct. 4, 2017); *McKenna v. Wells Fargo Bank, N.A.*, No. 10-10417, 2011 WL 1100160, at *1 (D. Mass. Mar. 21, 2011) (taking judicial notice of mortgage recorded with registry of deeds in analyzing Rule 12 motion), *aff'd*, 693 F.3d 207 (1st Cir. 2012).

pleadings fail to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* (quoting *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997)). The court "need not credit a complaint's 'bald assertions' or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996)).

As discussed herein, each of Plaintiff's claims against U.S. Bank fails to allege facts which, if taken as true, state a claim to relief that is plausible on its face. As a result, the Complaint must be dismissed.

IV. ARGUMENT

**A. The Complaint Is Barred by the Doctrine of Res Judicata**

The Complaint is barred by the judgment entered in the Prior Action involving the Property, Plaintiff, and U.S. Bank. *See* Exhibit D (the "Prior Judgment"). "Under federal law, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action. "[T]he elements required for a res judicata claim are '(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" *Shelby v. Factory Five Racing, Inc.*, 684 F. Supp. 2d 205, 211 (D. Mass. 2010) (quoting *Breneman v. United States ex rel. F.A.A.*, 381 F.3d 33, 38 (1st Cir. 2004)). *See also United States v. Raytheon Co.*, 334 F. Supp. 3d 519, 525 (D. Mass. 2018) (granting motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where defendant showed all three elements of a res judicata defense were met).

In the present case, the elements for the applicability of res judicata are satisfied. First, the parties are identical. In the Prior Action, U.S. Bank, as party-in-interest, filed a motion to

approve sale, and Plaintiff, as defendant in the Prior Action had the opportunity to respond. *See* Exhibit C (Motion to Approve Sale).

Second, there is an identity of issues. In the Prior Action, U.S. Bank filed the Motion to Approve Sale on May 16, 2016, asking the Court to approve the foreclosure sale which was conducted on May 4, 2016. *See id.* The Prior Judgment provides that: "In open court the court allowed the motion to approve the sale of the subject property to Andrew Schena, the high bidder at a May 4, 2016 foreclosure auction." *See* Exhibit D (Prior Judgment). Here, each of the five counts in the Complaint arise out of whether the May 4, 2016 foreclosure sale was valid and, therefore, the Prior Judgment bars each count. In Count IV of the Complaint, Plaintiff attempts to bring a claim for wrongful foreclosure and, in Count V, Plaintiff is seeking declaratory relief that the foreclosure sale is void. Also, Counts I, II, and III also collaterally attack the Prior Judgment by attempting to allege improprieties relating to the foreclosure. In Count I, Plaintiff purports to make a claim that the interest recouped by U.S. Bank following the foreclosure sale is usurious; in Count II, he alleges that the foreclosure sale was fraudulent; and in Count III, he asserts that the foreclosure sale was a breach of the covenant of good faith in fair dealing. In the present action, Plaintiff is seeking yet another bite of the apple as to the same issues addressed by the Land Court in the Prior Judgment and Prior Action - - the validity of the May 4, 2016 foreclosure sale.

Finally, the Prior Judgment also satisfies the third element of a res judicata defense, which requires that there be finality of judgment. The Prior Judgment is a final judgment, there was no appeal, and the deadline to appeal has long since expired. Mass. R. App. P. 4(a) (requiring notice of appeal to be filed within 30 days of entry of judgment). Therefore, the

Complaint is barred by the doctrine of res judicata because of the identity of parties and issues in the two actions, as well as the final nature of the Prior Judgment.

**B. Even if Res Judicata Did Not Bar Plaintiff's Complaint, He Fails to State a Claim Pursuant to Which He Could Plausibly Be Entitled to Relief.**

*1. Plaintiff Fails to Plead a Claim for Violation of the Usury Statute.*

Mass. Gen. Laws ch. 271, § 49(a) states that a person shall be guilty of criminal usury for knowingly contracting for, "tak[ing] or receiv[ing], directly or indirectly, interest and expenses the aggregate of which exceeds an amount greater than twenty per centum per annum upon the sum loaned or the equivalent rate for a longer or shorter period." Plaintiff has the burden of proving the illegality of the instrument on its face. *See Provident Co-op. Bank v. James Talcott, Inc.*, 358 Mass. 180, 191 (1970); *Comstock v. Steinbergh*, No. 20042093J, 2004 WL 3120554, at *3 (Mass. Super. Ct. Dec. 16, 2004) (granting motion to dismiss usury claim where terms of promissory note and mortgage were not usurious pursuant to Massachusetts statute). *See Robert Reiser & Co. v. Scriven*, 130 F. Supp. 3d 488, 495 (D. Mass. 2015) (granting motion to dismiss criminal usury count where counterclaimant does not allege that he executed a promissory note or entered into a contract with counterclaim-defendant based on said promissory note).

Plaintiff's allegation that the balance of the subject mortgage at the time of the foreclosure sale was alleged to be in excess of $200,000.00 of the original mortgage amount, *see* Compl. ¶ 18, is insufficient to support a claim that U.S. Bank charged usurious interest. Plaintiff does not allege the original amount of the mortgage, the date of the mortgage, whether he made any payments on the mortgage, or what rate of per annum interest was charged.[4] Moreover, the

---

[4] The adjustable rate rider, attached to the subject mortgage, provides that the principal amount of the loan would be repaid at an initial yearly interest rate of 8.375%. *See* Exhibit B (Mortgage) to Defendants David O'Donnell and Patricia Gillespie's Memorandum in Support of Motion to Dismiss Complaint. The yearly rate was subject to adjustment as provided in the adjustable rate rider, which provided that the interest rate would never be greater than 14.375%, and never lower than 7.350% during the term of the loan. *Id.*

recorded loan modification agreement (the "Modification Agreement"), entered into by Plaintiff and prior owner of the subject loan, HSBC Mortgage Corporation (USA), on April 8, 2010, and recorded with the Suffolk County Registry of Deeds on September 20, 2010 at Book 46925 and Page 309, sets forth interest rates well below the interest rate ceiling set forth in Mass. Gen. Laws ch. 271, § 49(a). *See* Modification Agreement, attached hereto as **Exhibit E**. The Modification Agreement provides for an interest rate of 4.5% until February 8, 2015, when the interest rate increased to 6.0%, with additional increases to 7.5% beginning on February 8, 2016, 9.0% beginning on February 8, 2017, and 10% beginning on February 8, 2018 through maturity of the loan. *Id.* Plaintiff, therefore, cannot prove that the instrument governing the interest terms, the Modification Agreement, provided for an interest rate exceeding the 20% maximum interest rate set forth in the relevant statute and, therefore, his claim fails as a matter of law.

In the Complaint, Plaintiff merely speculates that "the apparent interest charged to the Plaintiff by U.S. Bank exceeded the maximum rate permitted under Mass. Gen. L. ch. 271 § 49, as the balance of the mortgage was alleged to be in excess of $200,000.00 of the original mortgage amount." Compl. ¶ 18. This is insufficient to support a claim for usury. Moreover, in making this statement, Plaintiff appears to suggest that the amounts owed under the subject loan at the time of foreclosure exceeded the original principal amount by more than $200,000.00. This is neither surprising nor illegal. The Modification Agreement shows that the new principal balance of the Loan after it was modified increased to $270,537.47, "consisting of unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized." Ex. A. There can be no question that a lender may recover amounts at foreclosure in addition to unpaid principal and interest, including escrow for real estate taxes and insurance, and additional expenses incurred due to a borrower's failure to comply with the terms of the loan agreement. In

sum, the amounts owed at foreclosure sale are not limited to the unpaid original principal and interest.  That is precisely what occurred here.

Therefore, Plaintiff's claim fails to support any plausible inference that U.S. Bank charged usurious interest and expenses.  As a result, Count I should be dismissed.

    2.  *Plaintiff Fails to State Any of the Elements of a Viable Claim for Fraud and Deceit in Count II.*

In Count II of the Complaint, Plaintiff purports to bring a claim for fraud and deceit on the grounds that (a) U.S. Bank allegedly recorded the Foreclosure Deed later than permitted by the foreclosure sale, (b) the receiver's agent was the highest bidder, and (c) the foreclosure sale was a sham.  *See* Compl. ¶ 20.  Plaintiff also alleges that U.S. Bank "paid the receiver $38,000.00 without authority to do so."  *See id.*  These bare allegations are insufficient to state a fraud claim, particularly under the heightened pleading standard of Rule 9(b) that applies to fraud claims.

To succeed on a claim for fraud, the plaintiff must plead with specificity that the defendant "(1) made a false representation of material fact, (2) with knowledge of its falsity, (3) for the purpose of inducing the plaintiff to act on this representation, (4) which the plaintiff justifiably relied on as being true, to her detriment."  *Greenleaf Arms Realty Tr. I, LLC v. New Bos. Fund, Inc.,* 81 Mass. App. Ct. 282, 288 (2012).  Pursuant to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  To pass muster, "a complaint must specify 'the time, place, and content of an alleged false representation.'"  *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 45 (1st Cir. 2009) (quoting *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720 (1st Cir. 2007)); *see also Alternative Sys. Concepts, Inc. v. Synopsys, Inc.,* 374 F.3d 23, 29 (1st Cir. 2004) (explaining pleader must "specify the who, what, where, and when" of alleged fraud to satisfy

Rule 9(b)). "'Conclusory allegations ... are not sufficient' to satisfy Rule 9(b)." *Gagne*, 565 F.3d at 45 (quoting *Rost,* 507 F.3d at 731).

In Count II, Plaintiff fails to allege any of the elements of a fraud claim. Instead, he states in conclusory fashion that the "foreclosure conducted by U.S. Bank was a sham." *Id.* ¶ 20. In doing so, he fails to identify any false representation, knowledge on the part of U.S. Bank, intention of U.S. Bank to induce Plaintiff to act in a particular way, or detrimental reliance by Plaintiff. His conclusory statements are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Because Count II fails to identify any details regarding the "who, what, where and when" of his fraud claim, as Rule 9(b) requires, it should be dismissed.

### 3. *Plaintiff Fails to Sufficiently Plead a Claim for Breach of the Covenant of Good Faith and Fair Dealing in Count III.*

To prevail on a claim for breach of the covenant of good faith and fair dealing, a party must prove that a binding contract was in place at the time of the alleged breach. *Laser Labs, Inc. v. ETL Testing Labs., Inc.*, 29 F. Supp. 2d 21, 24 (D. Mass. 1998). The general rule is that a party to a contract may not undertake an action which could reduce the benefits conferred to the other party under the contract. *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 569-70 (2010) (citing *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451 (1991)). The implied covenant does not create additional rights or duties above what the parties agreed to in the original contract. *Bos. Med. Ctr. Corp. v. Sec'y of Exec. Office of Health & Human Servs.*, 463 Mass. 447, 460 (2012) (citing *Curtis v. Herb Chambers I–95, Inc.,* 458 Mass. 674, 680 (2011)). Massachusetts courts have noted that there is "no obligation on the [lender] to take the 'affirmative steps' that would have benefited the borrower[,]" *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 62 (1st Cir. 2001) (quoting *FDIC v. LeBlanc,* 85 F.3d 815, 822 (1st Cir. 1996)), and

104411889.8

the default of a borrower "necessarily alters the contours of the covenant of good faith and fair dealing." *FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 100-01 (1st Cir. 2009).

Count III fails to set forth a legally sufficient claim for breach of the implied covenant of good faith and fair dealing. Plaintiff fails to allege any facts that plausibly support the conclusion that U.S. Bank undertook actions to diminish the value of the mortgage, other than actions it was legally entitled to take, and he fails to allege any facts to show or support a lack of good faith. Moreover, to the extent that Plaintiff is referring to actions by U.S. Bank in connection with a valid mortgage contract between him and U.S. Bank, the covenant of good faith and fair dealing does not provide Plaintiff with any legal relief or somehow transform U.S. Bank's right to foreclose based on Plaintiff's admitted default into an actionable claim.

For the foregoing reasons, Count III of the Complaint should be dismissed.

4. *Plaintiff Fails to Plead Sufficient Facts Supporting a Claim for Wrongful Foreclosure in Count IV.*

In Count IV of the Complaint, Plaintiff attempts to bring a claim for "wrongful foreclosure", alleging that U.S. Bank and Mr. Schena "had no authority to execute or record the [foreclosure] deed" as Mr. Schena failed to complete the foreclosure sale within 30 days, and that the foreclosure deed is now void. Compl. ¶ 27. These allegations do not support a viable legal claim and are no more than a rehashing of Plaintiff's insufficient fraud claim. Therefore, Count IV fails for the same reasons as Count II, as set forth in Paragraph IV-B-2, *supra*. For the reasons set forth in co-defendants David O'Donnell's and Patricia Gillespie's motion to dismiss complaint (ECF No. 10) and supporting memorandum of law (ECF. No. 11), which are

incorporated herein in their entirety,[5] Plaintiff fails to state a plausible claim for relief in Count IV.

Specifically, Plaintiff fails to allege any failure to comply with the statutory power of sale. In addition, Massachusetts law is clear that Plaintiff's right to redeem title to the Property was extinguished immediately after the foreclosure auction. Finally, Plaintiff's efforts to rely on an alleged scrivener's error in the Foreclosure Deed to void the sale fall flat. There was no other LLC on record at the time of the recording of the Foreclosure Deed with a remotely similar name and, therefore, the only possible interpretation of the Foreclosure Deed is that the Property was conveyed to co-defendant 497 E Fourth St LLC.

Indeed, the allegations in Count IV provide no clues as to the claim U.S. Bank is required to defend or the legal or equitable basis for the unsupported conclusion that the Foreclosure Deed is somehow void as a result of Mr. Schena failing to complete the foreclosure sale within 30 days. Compl. ¶ 27.

As a result, Plaintiff has failed to state a claim for wrongful foreclosure, and Count IV of Plaintiff's Complaint should be dismissed.

### 5. *Plaintiff Is Not Entitled to Declaratory Relief.*

In Count V, Plaintiff appears to seek the remedy of declaratory relief based upon the claims he attempts to plead in Counts I through IV of the Complaint. Because each of those claims fails for the reasons set forth above, Count V also should be dismissed. Moreover, the Complaint fails to set forth any facts that reveal how or why Plaintiff should be entitled to such extraordinary relief. Like each of Plaintiff's other claims, a bare legal conclusion alone simply will not satisfy the pleading requirement.

---

[5] U.S. Bank declines to incorporate any suggestion by co-defendants O'Donnell and Gillespie that "at best" Plaintiff could have a monetary claim against U.S. Bank because Plaintiff has failed to state a claim against U.S. Bank. *See* ECF No. 11 at 8.

Further, for the reasons set forth in co-defendants David O'Donnell's and Patricia Gillespie's motion to dismiss complaint (ECF No. 10) and supporting memorandum of law (ECF. No. 11), which are incorporated herein in their entirety,[6] Plaintiff fails to state a plausible claim for relief in Count V.

Therefore, Plaintiff has failed to set forth a claim upon which relief can be granted in Count V.

V.      CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

**U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

By its attorneys,

*/s/ Erick M. Sandler*
Erick M. Sandler (BBO #653868)
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
T: (860) 275-0138
F: (860) 881-2459
emsandler@daypitney.com

Melissa Bruynell Manesse (BBO #685766)
Day Pitney LLP
One International Place
Boston, Massachusetts 02110
T: (617) 345-4600
mmanesse@daypitney.com

Dated: January 17, 2020

---

[6] *See* n.6, *supra.*

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on January 17, 2020.

      */s/ Melissa Bruynell Manesse*
      Melissa Bruynell Manesse