# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――――――――― )
                                           )
**JAMES DICKEY,**                          )
                                           )
    **Plaintiff,**      )
                                           )    **Civil Action No.**
    **v.**                )    **19-12504-FDS**
                                           )
**U.S. BANK TRUST, N.A., as trustee**      )
**for LSF9 Master Participation Trust;**   )
**ANDREW SCHENA; 497 E FOURTH**            )
**ST LLC; COMMONWEALTH**                   )
**COOPERATIVE BANK; DAVID**                )
**O'DONNELL; and PATRICIA GILLESPIE,**     )
                                           )
    **Defendants.**      )
―――――――――――――――――――――――――――――― )

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

**SAYLOR, C.J.**

This is a case involving a mortgage foreclosure. Plaintiff James Dickey, who is proceeding *pro se*, was previously the mortgagor on the property located at 497 E. Fourth Street in South Boston, Massachusetts.

In 2012, the property was placed in receivership. In 2016, defendant U.S. Bank Trust, N.A. conducted a foreclosure sale of the property. It was purchased at auction by Andrew Schena, who subsequently conveyed the property to 497 E Fourth St LLC. At some point thereafter, the property was conveyed to David O'Donnell and Patricia Gillespie.

Dickey has brought suit for a variety of claims against all of these parties. He alleges usury, fraud and deceit, a breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. He also seeks a declaratory judgment that the foreclosure and subsequent transfers are void.

Over the last ten years, Dickey has litigated at least four federal lawsuits in this district. *See Dickey v. City of Boston*, 405 F. Supp. 3d 195, 200-01 (D. Mass. 2019); *Boston Inspectional Servs. Dep't v. Dickey*, No. 18-cv-10143 (D. Mass. Mar. 27, 2018); *Dickey v. City of Boston*, No. 16-cv-10636-LTS, 2016 WL 7365167 (D. Mass. Dec. 19, 2016); *Dickey v. Inspectional Servs. Dep't of the City of Boston*, No. 08-cv-11569, 2009 WL 2425957 (D. Mass. July 31, 2009).  In the 2016 lawsuit, the court warned Dickey that for any future lawsuits filed in, or removed by him to, the District of Massachusetts, he was required to state that "one session of [the] Court warned Plaintiff against filing frivolous or vexatious suits."  *Dickey*, 405 F. Supp. 3d at 200 (citing *Dickey*, WL 7365167 at 3 n.6).  Because this case was filed by Dickey in state court and removed by defendant U.S. Bank, it falls outside of that order.

Defendants have filed various motions to dismiss. A threshold issue is whether this Court has subject-matter jurisdiction over this case, as the complaint raises no federal claims and the parties are not diverse.  For the reasons set forth below, the Court concludes that defendants Schena, 497 E Fourth St LLC, and Commonwealth Cooperative Bank have been fraudulently joined to this proceeding.  Subject-matter jurisdiction therefore exists, and the claims against those parties will be dismissed.  The claims against U.S. Bank, O'Donnell, Gillespie are likewise without merit, and will also be dismissed.

I.   **Background**

Unless otherwise noted, the following facts are as alleged in the complaint.

A.   **The Parties**

James Dickey is a resident of Sudbury, Massachusetts.  (Compl. ¶ 1).

U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, is a national banking association with a principal place of business in Wilmington, Delaware.  (Not. of Rem. ¶

15).[1]

Andrew Schena is a resident of Blackstone, Massachusetts.  (*Id.* ¶ 3).  Defendant 497 E

Fourth St LLC is a limited liability company, apparently controlled by Schena.  (*Id.* ¶ 4).[2]

Commonwealth Cooperative Bank is a Massachusetts bank.  (*Id.* ¶ 5).

David O'Donnell and Patricia Gillespie are residents of San Francisco, California.  (*Id.* ¶¶

6–7).

### B.    Factual Background

For some time up until to 2016, Dickey owned the real property located at 497 East

Fourth Street.  (*See id.* at 1).  That property was subject to a mortgage interest held by U.S. Bank.

(*See generally id.*).

In 2012, the Boston Housing Court placed that property in receivership pursuant to Mass.

Gen. Laws ch. 111, § 1271.  (*Id.* ¶ 8).

In early 2016, U.S. Bank began the process to foreclose on the property.  (*See id.* ¶ 9–10).

Dickey sought an injunction in federal court to prevent the foreclosure, but the case was

dismissed, and he was warned "against filing frivolous or vexatious suits in the future."  (*Id.* ¶ 9);

*see also Dickey v. City of Boston et al.*, 16-cv-10636 (D. Mass. 2016).

On May 16, 2016, U.S. Bank conducted the foreclosure sale.  (Compl. ¶ 10).  The bank

---

[1] For purposes of diversity jurisdiction, a national banking association is a citizen of the state designated in its articles of association as its main office.  28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).  The complaint alleges that U.S. Bank Trust N.A. has a principal place of business in Oklahoma City, Oklahoma.  (Compl. ¶ 2).  Whether the bank is a citizen of Delaware or Oklahoma is not material for purposes of these motions.

[2] For purposes of diversity jurisdiction, "the citizenship of a limited liability company 'is determined by the citizenship of all its members.'"  *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006)).  The complaint does not identify the members of 497 E Fourth St LLC.  However, all parties assume that it is a Massachusetts citizen, and therefore not diverse.

stated that Dickey "owed more than $400,000 on the foreclosed mortgage." (*Id.*).  Schena was

the winning bidder at the foreclosure auction.  (*Id.* ¶ 10).  He assigned his bid to 497 E Fourth St

LLC.  (*Id.* ¶ 12).

On September 7, 2016, a foreclosure deed was recorded conveying the property to "497

E. 4th Street LLC."  (*Id.* ¶ 13).  That same day, 497 E Fourth St LLC executed a mortgage on the

property in favor of Commonwealth Cooperative Bank.  That mortgage was subsequently

released on May 16, 2019.  (*Id.* ¶ 14).  U.S. Bank allegedly disbursed approximately $38,000

from the foreclosure proceeds to the Boston Housing Court receiver to satisfy the receiver's

anticipated lien.  (*Id.* ¶ 16).

On April 11, 2019, 497 E Fourth St LLC transferred the property by deed to David

O'Donnell and Patricia Gillespie.  (*Id.* ¶ 17).  That deed indicates that "497 E Fourth St LLC"

and "497 E. 4th Street LLC" are the same company.  (*Id.*).

### C.  Procedural Background

 On September 4, 2019, Dickey filed this complaint in the Middlesex Superior Court.

The complaint asserts claims for usury in violation of Mass. Gen. Laws ch. 271, § 49 against

U.S. Bank (Count 1); fraud and deceit against U.S. Bank, Schena, and 497 E Fourth St LLC

(Count 2); breach of the implied covenant of good faith and fair dealing against U.S. Bank

(Count 3); and wrongful foreclosure against U.S. Bank, Schena, and 497 E Fourth St LLC

(Count 4).  It also seeks a declaration that all foreclosures, deeds, and subsequent mortgages on

the property are void as to all defendants (Count 5).

On December 12, 2019, U.S. Bank removed the case to this Court on the basis of

diversity jurisdiction under 28 U.S.C. § 1332.  Although the parties are not diverse, U.S. Bank

alleges that the non-diverse parties (Schena, 497 E Fourth St LLC, and Commonwealth

Cooperative Bank) were fraudulently joined to this action to defeat diversity.[3]

All parties have moved to dismiss based on fraudulent joinder or failure to state a claim.

## II.    Subject-Matter Jurisdiction

At the outset, the Court must consider the issue of subject-matter jurisdiction.  U.S. Bank contends that Schena, 497 E Fourth St LLC, and Commonwealth Cooperative Bank have been fraudulently joined to this action to defeat diversity jurisdiction, and that therefore removal to this Court was proper.  In addition, the non-diverse parties have moved to dismiss for failure to state a claim.

### A.    Fraudulent Joinder Generally

"[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant."  *Universal Truck & Equipment Co., Inc. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).  "Defendants, as the party seeking removal, bear the burden of demonstrating by *clear and convincing* evidence 'either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.'"  *In re Fresenius Granuflo*, 76 F. Supp. 3d 321, 332–33 (D. Mass. 2015) (quoting *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001)) (emphasis in original) (citations omitted).

"An 'implicit finding' within a finding of fraudulent joinder, then, is 'that the plaintiff has

---

[3] Both the amount owed on the mortgage and the value of the disputed property clearly exceed $75,000, and therefore the jurisdictional amount is satisfied.

5

failed to state a cause of action against the fraudulently joined defendant.'" *In re Fresenius*, 76

F. Supp. 3d at 333 (quoting *Phillips v. Medtronic, Inc.*, 754 F. Supp. 2d 211, 215 (D. Mass.

2010)) (citations omitted).  Although this is facially similar to a Rule 12(b)(6) motion to dismiss,

"[i]n analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the

complaint . . . [and may] examine affidavits of the parties." *Mills*, 178 F. Supp. 2d at 6.  "[I]n

determining whether a plaintiff has the possibility of recovery against a defendant, the court is to

resolve all disputed issues of fact and ambiguities of law in favor of the non-removing party." *In

re Fresenius*, 76 F. Supp. 3d at 333 (citing *Fabiano Shoe Co., Inc. v. Black Diamond Equipment,

Ltd.*, 41 F. Supp. 2d 70, 71–72 (D. Mass. 1999)).

Here, the complaint asserts three counts (Counts 2, 4, and 5) against the non-diverse

defendants.  For the reasons set forth below, none of those counts state a claim, or the possibility

of a claim, against any of the non-diverse defendants.

### B.      Count 2 – "Fraud and Deceit"

Count 2 asserts a claim for "fraud and deceit" against U.S. Bank, Schena, and 497 E

Fourth St LLC.  That count is purportedly based on the following allegations:  "U.S. Bank

recorded the foreclosure deed beyond the amount of time allowed by the foreclosure sale," "the

highest bidder was an associate of the Boston Housing Court's receiver," "the foreclosure

conducted by U.S. Bank was a sham," and "U.S. Bank subsequently paid the receiver $38,000

without any authority to do so."  (Compl. ¶ 20).

"Under Massachusetts law, in an action for fraud and deceit, 'a plaintiff must show that

the (1) defendant made a false representation of a material fact (2) with knowledge of its falsity

(3) for the purpose of inducing the plaintiff to act thereon . . . (4) that the plaintiff relied upon the

representation as true and (5) acted upon it to his damage.'" *Jennings v. Nathonson*, 404 F.

Supp. 2d 380, 399 (D. Mass. 2005) (quoting *Rogers v. Nstar Elec.*, 389 F. Supp. 2d 100, 108 (D. Mass. 2005)) (alterations omitted).

The complaint essentially asserts only two *factual* allegations in support of the claim for fraud and deceit: that U.S. Bank recorded the deed outside of the time proscribed by the foreclosure sale and that Schena was an associate of the Boston Housing Court Receiver. The other allegations—that the foreclosure was a sham and that U.S. banked lacked authority to disperse funds to the receiver—are merely conclusory statements. *See Haag v. United States*, 736 F.3d 66, 69 (1st Cir. 2013) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 79 (1st Cir. 2008) ("We accept [plaintiff's] well-pleaded facts as true, but reject 'unsupported conclusions or interpretations of law.'") (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993)).

Those factual allegations do not remotely satisfy the requirements of a claim for fraud and deceit. The complaint does not allege that anyone misrepresented to him the fact of the late foreclosure recording or Schena's alleged association with the Boston Housing Court receiver. Indeed, it does not allege that there was any misrepresentation of any kind to anyone. Nor does it allege that plaintiff relied to his detriment on any misrepresentations. Accordingly, Count 2 does not state a claim for fraud and deceit, or come close to stating such a claim.

For what it is worth, Count 2 also fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b). Ordinarily, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, under Fed. R. Civ. P. 9(b), a complaint must "state with particularity the circumstances constituting fraud."

Under that heightened pleading requirement, a complaint must state the time, place, and content of the alleged false or fraudulent representations to state a claim for fraud. *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 190–91 (1st Cir. 2006). The rule applies to *pro se* litigants. *See Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013*)* (noting that despite being brought *pro se* "the complaint must also pass muster under Fed. R. Civ. P. 9(b)"). The complaint here clearly fails to allege fraud with particularity.

Accordingly, Count 2 does not state a claim, or the possibility of a claim, against any of the non-diverse defendants.

**C.    Counts 4 and 5 – "Wrongful Disclosure"**

Count 4 asserts a claim for "wrongful foreclosure" against U.S. Bank, Schena, and 497 E Fourth St LLC. Count 5 seeks a declaratory judgment that the foreclosure was invalid and the subsequent transfers are void.

Setting aside the legal conclusions, Count 4 alleges that the foreclosure was wrongful for two reasons: because the execution and recording of the deed to 497 E Fourth St LLC was not conducted within a 30-day time period, as required by the foreclosure sale, and because the foreclosure deed transferred the property to "497 E. 4th Street LLC," which allegedly did not exist at the time of the transfer. (Compl. ¶ 27).

Those allegations are not sufficient to constitute a claim for wrongful foreclosure. It is true as a general matter that "one who sells under a power [of sale] must follow strictly its terms" and the relevant foreclosure statutes or else "the sale is wholly void." *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 646–48 (2011) (quoting *Moore v. Dick*, 187 Mass. 207, 211 (1905)); *see also Pinti v. Emigrant Mortgage Company, Inc.,* 472 Mass. 226, 240 (2015) (foreclosing lender must "comply strictly" with both the "terms of the mortgage" governing the power of sale and

the statutes appearing at Mass. Gen. Laws ch. 244, §§ 11–17C that concern the "process and mechanics of the foreclosure sale itself"). But such strict compliance by a foreclosing party is required only for statutes that concern the actual foreclosure sale itself. *Turra v. Deutsche Bank Trust Company Americas*, 476 Mass. 1020, 1021 (2017) ("In other words, there are certain statutory provisions with which the mortgagee must comply—'the statutes relating to . . . foreclosure . . . by the exercise of a power of sale'—before it may foreclose. Those are the types of provisions that our earlier cases contemplate . . . ."). Thus, a technical failure to comply literally with a statute that does not regulate the actual foreclosure is not a basis for a claim for wrongful foreclosure. *See id.* (holding that failure to comply with post-foreclosure notice requirement in Mass. Gen. Laws ch. 244, § 15A did not render foreclosure wrongful).[4]

The allegations in the complaint, even assuming their truth, involve minor alleged post-foreclosure defects. The first is that the deed was not executed and recorded within "the amount of time allowed by the foreclosure sale," and the second is that the deed contained two typographical errors. Both posed no possibility of injury to plaintiff, the mortgagor; indeed, the second claimed defect is utterly trivial. Both alleged defects occurred after the foreclosure sale was completed and involved only the mortgagee and a third party. Furthermore, under Massachusetts law, a mortgagor's equity of redemption is extinguished at the time the foreclosure sale is concluded, not when the deed is recorded. *See In re Crichlow*, 322 B.R. 229,

---

[4] Furthermore, the SJC has held that strict compliance with foreclosure regulations is more important if the regulation relates to "the mortgagee vis-à-vis the mortgagor" than if it relates to "the foreclosing mortgagee and a third party." *Id.* The key inquiry is the "potential for harm" to a mortgagor by a mortgagee's non-compliance. *Id.; see also Payne v. U.S. Bank Nat. Ass'n*, 2013 WL 5757858, at *2 (D. Mass. Oct. 24, 2013) (holding that "minor defect" in notice required by Mass. Gen. Laws ch. 244, § 35A did not prevent foreclosure because *Ibanez* and its progeny only require strict compliance with sections dealing with "statutory power of sale") (citing *Ibanez*, 458 Mass. at 647)).

231–33 (D. Mass. 2004) ("In accordance with *Outpost Cafe*, it is uniformly held that the proper execution of the memorandum of sale [rather than recording of the foreclosure sale deed] terminates a mortgagor's equity of redemption.") (citing *Outpost Café, Inc. v. Fairhaven Sav. Bank*, 3 Mass. App. Ct. 1, 3 (1975)).  Plaintiff thus lacked any remaining interest in the property, and the alleged defects did not create any possible risk of injury or prejudice to his interests.

In short, Count 4 does not state a claim for wrongful foreclosure, or any possibility of a claim for wrongful foreclosure.  Count 5, in turn, seeks a declaratory judgment "to determine the validity of the above-mentioned foreclosure sale" and corresponding deeds and certificates of entry.  That count thus appears to seek an additional remedy based on the allegations of Count 4. Because Count 4 does not state a claim for wrongful foreclosure, Court 5 likewise does not state such a claim.

### D.     Conclusion

In summary, Counts 2, 4, and 5 do not state a claim against the non-diverse defendants (Schena, 497 E Fourth St LLC, and Commonwealth Cooperative Bank).  Moreover, the Court finds by clear and convincing evidence that there is no possibility that the SJC would find that any of those counts state a cause of action.  The Court therefore concludes that the non-diverse defendants were fraudulently joined to this action.  Accordingly, this Court has subject-matter jurisdiction over this proceeding, and the claims against non-diverse parties will be dismissed.

## III.    Motion to Dismiss of U.S. Bank

U.S. Bank, the only defendant named in all five counts, has moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6).  It contends that the claims should be dismissed because they are barred by the doctrine of claim preclusion or, in the alternative, because each count fails to state a claim upon which relief can be granted.  For the reasons set forth above, Counts 2, 4,

10

and 5 do not state a claim and will be dismissed, and therefore only Counts 1 and 3 remain. Because those counts also fail to state a claim, the Court will not reach the claim-preclusion issue.

### A.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are accorded an

"extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991), they still must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998).

    **B.**    <u>**Count 1 – "Usury"**</u>

Count 1 asserts a claim for usury in violation of Mass. Gen. Laws ch. 271, § 49.  It alleges that "the apparent interest rate charged to the Plaintiff by U.S. Bank exceeded the maximum rate permitted [the statute] as the balance of the mortgage was alleged to be in excess of $200,000 of the original mortgage amount."  (Compl. ¶ 18).

Under Mass. Gen. Laws ch. 271, § 49, usury is the "tak[ing] or receiv[ing], directly or indirectly, interest and expenses the aggregate of which exceeds an amount greater than twenty per centum per annum upon the sum loaned or the equivalent rate for a longer or shorter period." The plaintiff has the burden of proving the illegality of the instrument.  *See Provident Co-op. Bank v. James Talcott, Inc.*, 358 Mass. 180, 191 (1970); *Comstock v. Steinbergh*, No. 20042093J, 2004 WL 3120554, at *3 (Mass. Super. Ct. Dec. 16, 2004) (dismissing usury claim where terms of promissory note and mortgage were not usurious pursuant to Massachusetts statute).

The factual allegations in the complaint are insufficient to state a claim for usury.  The only relevant allegation is that U.S. Bank, at foreclosure, asserted a mortgage balance of more than $200,000 in excess of the original mortgage amount.  (Compl. ¶ 18).  While that fact may be consistent with usury, it is far from sufficient to state a plausible claim.  Among the facts absent from the complaint are the actual terms of the loan, including the interest rate that was supposedly usurious.  Furthermore, the reasonableness of the unpaid mortgage balance cannot be ascertained without knowing such things as the dates of any payments, the amounts of any

12

payments, the date the loan went into default, the outstanding loan balance at that time, the

amount of unpaid and accrued interest, and the nature and amount of costs or fees charged by the

bank.

Accordingly, Count 2 will be dismissed for failure to state a claim upon which relief can

be granted.

**C.**     **Count 3**

Count 3 asserts a claim for breach of the implied covenant of good faith and fair dealing.

(Compl. ¶¶ 22–25).

"The covenant of good faith and fair dealing is implied in every contract." *Uno*

*Restaurants, Inc. v. Bos. Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004) (internal citations

omitted). But "[t]he covenant may not . . . be invoked to create rights and duties not otherwise

provided for in the existing contractual relationship, as the purpose of the covenant is to

guarantee that the parties remain faithful to the intended and agreed expectations of the parties in

their performance." *Id.* The general rule is that a party to a contract may not undertake an action

that could reduce the benefits conferred to the other party under the contract. *T.W. Nickerson,*

*Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 569–70 (2010) (citing *Anthony's Pier Four, Inc. v. HBC*

*Assocs.*, 411 Mass. 451 (1991)). Massachusetts courts have noted that there is "no obligation on

the [lender] to take the 'affirmative steps' that would have benefited the borrower[,]" *Lohnes v.*

*Level 3 Commc'ns, Inc.*, 272 F.3d 49, 62 (1st Cir. 2001) (quoting *FDIC v. LeBlanc*, 85 F.3d 815,

822 (1st Cir. 1996)), and the default of a borrower "necessarily alters the contours of the

covenant of good faith and fair dealing." *FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93,

100–01 (1st Cir. 2009).

Here, the only relevant allegation in the complaint is that because of "U.S. Bank's actions

and inactions, as described more fully above, (and by conducting the foreclosure sale while the Property was the subject of a receivership), U.S. Bank destroyed the benefits of the bargain to which Plaintiff was entitled causing Plaintiff to suffer substantial harm and damage." (Compl. ¶ 25).  As noted, however, there is no allegation in the complaint of any materially wrongful conduct during the foreclosure, and therefore the statement "as described more fully above" incorporates no relevant factual allegations.

Furthermore, the sole factual allegation in Count 3—that U.S. Bank conducted the foreclosure sale while the property was in receivership—does not state a claim for breach of the implied covenant.  Conducting a foreclosure sale on a property in receivership is not inherently wrongful.  *See, e.g., Garden Homes, Inc. v. United States*, 200 F.2d 299, 301 (1st Cir. 1952) ("Thus it is well established that a court of equity has power to appoint a receiver to preserve and protect mortgaged property pending foreclosure.").  And there is no allegation that by conducting a foreclosure while the property was in receivership, U.S. Bank somehow denied plaintiff the benefits of the mortgage contract.

Accordingly, Count 3 will be dismissed for failure to state a claim upon which relief can be granted.

## IV.   Motion to Dismiss of O'Donnell and Gillespie

Defendants O'Donnell and Gillespie are the parties who purchased the property in 2019. They are named only in Count 5, and are not alleged to have engaged in any wrongful conduct of any kind.  Furthermore, and in any event, Count 5 fails to state a claim as to any party.  The claims against O'Donnell and Gillespie will therefore be dismissed.

## V.   Conclusion

For the foregoing reasons, the motions to dismiss of defendants Andrew Schena, 497 E

14

Fourth St LLC, Commonwealth Cooperative Bank, U.S. Bank Trust N.A., David O'Donnell, and

Patricia Gillespie are GRANTED.  This case is DISMISSED with prejudice.

**So Ordered.**

_/s/ F. Dennis Saylor IV____

F. Dennis Saylor IV

Dated:  August 3, 2020                              Chief Judge, United States District Court

15